IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
Civil Action No.: 1:11-cv-00840-TDS-LPA

| | |
|---|---|
| JOHN BENTON, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| OMTRON USA, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT, OMTRON USA, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Omtron USA, LLC d/b/a Townsends. ("Omtron USA"), by counsel, pursuant to Fed. R. Civ. P. 8(b) and (c), for its answer and affirmative defenses, alleges as follows:

**FIRST DEFENSE**

**(Answer to Numbered Paragraphs of Complaint)**

1-78. Omtron USA is without sufficient information or knowledge to allow it to admit or deny the allegations set forth in numerical paragraphs 1 through 78 in Plaintiff's Complaint, and therefore deny the same.

79. Omtron USA admits that it is a limited liability corporation, organized under the laws of the State of Delaware. Omtron denies that its principal place of business and nerve center is Siler City, Chatham County, North Carolina.

80. The allegation set forth in numerical paragraph 80 contains a legal conclusion that does not require a response. Omtron USA, however, denies the allegation to the extent that one is required.

81- 82. Omtron USA denies the jurisdictional allegations set forth in numerical paragraphs 81 and 82. Omtron admits that the United States District Court, Middle District of North Carolina, has jurisdiction over this controversy.

83. Omtron USA admits the allegations set forth in numerical paragraph 83.

84. Omtron USA is without sufficient information or knowledge to allow it to either admit or deny the allegations set forth in numerical paragraph 84 and therefore denies the same.

85. Omtron USA admits the allegations set forth in numerical paragraph 85.

86. In response to the allegations set forth in numerical paragraph 86, Omtron USA admits that on February 18, 2011, the United States Bankruptcy Court, District of Delaware, Chapter 11, Case No. 10-14092) issued an order approving Omtron USA's purchase of certain assets of the Debtor, Townsends, Inc. Omtron further responds that the order speaks for itself. Omtron denies the remainder of the allegations set forth in numerical paragraph 86.

87. In response to the allegations set forth in numerical paragraph 87, Omtron USA admits that Plaintiffs operated as poultry growers for Omtron USA. Omtron USA further responds that the use of the phrase "continued to operate" is not true or accurate and is therefore denied.

88-90. In response to the allegations set forth in numerical paragraph 88 through 90, Omtron USA admits that it entered into written agreements with Plaintiffs and that the agreements were each styled "Broiler Growing Contract". Omtron USA states that the written agreements speak for themselves. Omtron USA denies that a digital copy of the contracts is attached to the Complaint as Exhibit 1. Omtron USA further responds that Plaintiffs have not fairly or accurately stated the terms of the agreements and therefore denies that the allegations truly or accurately allege the rights and obligations of the parties under those agreements.

91. Omtron USA denies the allegations set forth in numerical paragraph 91.

92-93. In response to the allegations set forth in numerical paragraphs 92 through 93, Omtron USA states that its correspondence to Plaintiffs dated August 9, 2011 speaks for itself, that Plaintiffs have not fairly or accurately restated the substance of that correspondence, nor have Plaintiffs attached a copy to the Complaint. Omtron further responds that the communications between Omtron USA and its growers regarding the temporary cessation of operations due to economic conditions beyond Omtron USA's control, are not embodied in a single communication on one date in time.

94. Omtron USA denies the allegations set forth in numerical paragraph 94.

### FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

95. Omtron USA incorporates by reference its response to the allegations contained in numerical paragraphs 1 through 94 of Plaintiff's Complaint.

96. In response to the allegations set forth in numerical paragraph 96, Omtron USA admits that it entered into written agreements with Plaintiffs. Omtron further states that each agreement speaks for itself. Omtron denies the balance of the allegations set forth in numerical paragraph 96.

97-101. In response to the allegations set forth in numerical paragraphs 97 through 101, Omtron USA states that each such allegation calls for a legal conclusion and thus requires no response. To the extent that a response is required, Omtron USA denies the allegations set forth in numerical paragraphs 97 through 101.

## SECOND DEFENSE

### (Contract Invalidity)

The written agreements between Omtron USA and each Plaintiff are not valid or enforceable under North Carolina law for failure to include one or more essential terms.

## THIRD DEFENSE

### (Assumption of Risk)

Plaintiffs' claims are barred in whole or in part under the doctrine of assumption of risk.

## FOURTH DEFENSE

### (Failure of Consideration)

Plaintiffs' claims are barred, in whole or in part, for failure of consideration, and/or partial failure of consideration.

## FIFTH DEFENSE

### (Failure of Condition Precedent)

Plaintiffs' claims are barred, in whole or in part, as a result of a failure of a condition precedent to Omtron USA's performance of its obligations under the agreements with Plaintiffs.

## SIXTH DEFENSE

### (First Material Breach)

Plaintiffs' claims are barred under the doctrine of first material breach and failure to perform.

## SEVENTH DEFENSE

### (Failure to Mitigate)

Plaintiffs' claims are barred, in whole or in part, as a result of their respective failures to mitigate damages, if any.

## EIGHTH DEFENSE

**(Failure to State a Claim)**

The claims asserted by Plaintiffs are barred under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

## NINTH DEFENSE

**(Impossibility of Performance/Frustration of Purpose)**

Plaintiffs' claims are barred under the doctrine of impossibility of performance or frustration of purpose.

## TENTH DEFENSE

**(Reservation and Non-Waiver)**

Omtron USA hereby reserves the right to amend any of the responses to the allegations contained in the Complaint and/or any of the previously-stated defenses, and further reserves its right to allege any additional and further defenses (including but not limited to those defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure) as the same shall become known or more definite and ascertainable through receipt of additional information, discovery, pre-trial proceedings, and/or evidence at trial.

WHEREFORE, Omtron USA respectfully requests that this Honorable Court:

1. Deny all relief sought by Plaintiffs against Omtron USA in the Complaint;

2. Award Omtron its costs, including reasonable attorneys' fees, if available under applicable law;

3. Grant Omtron USA such other just and proper relief as this Honorable Court deems just and proper.

6909033_1

Respectfully submitted,

BENESCH FRIEDLANDER COPLAN
 & ARONOFF, LLP

*/s/ Peter S. French*
Peter S. French, Atty. I.D. #16716-49 (Indiana)
One American Square, Suite 2300
Indianapolis, Indiana 46282
(317) 632-3232
(317) 632-2962 fax
pfrench@beneschlaw.com

*/s/ James Carlton Thornton*
James Carlton Thornton, Atty. #16859 (New York)
PARKER POE ADAMS & BERNSTEIN
P.O.Box 389
Raleigh, NC 27602-0389
jamesthornton@parkerpoe.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint* has been sent to the following parties of record via the Court's CM/ECF electronic notification system, this 28th day of November, 2011:

Lynne M. Holtkamp
HOLTKAMP LAW FIRM
312 W. Franklin Street
Chapel Hill, NC 27516
lholtkamp@holtkamplawfirm.com

James Carlton Thornton
PARKER POE ADAMS & BERNSTEIN
P.O.Box 389
Raleigh, NC 27602-0389
jamesthornton@parkerpoe.com

Andrew Branan
WRIGHT LAW COMPANY, P.A.
P.O. Box 443
Hillsborough, NC 27278
abranan@wright-law.net

H. Clay Fulcher
H. CLAY FULCHER, P.C.
P.O. Box 1668
Dubois, WY 82513
clayfulcher@wyoming.com

*/s/ Peter S. French*
Peter S. French