IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JOHN BENTON, et al.              )
                                 )
          Plaintiffs,            )
                                 )
     v.                          )        No. 1:11-cv-840
                                 )
OMTRON USA, LLC,                 )
                                 )
          Defendant.             )
```

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

This is a breach of contract case involving over 100 Plaintiffs who had contracts with Defendant Omtron USA, LLC ("Omtron"). Before the court is Omtron's motion to require Plaintiffs to proceed as a class pursuant to Federal Rule of Civil Procedure 23(b)(3). (Doc. 25; see Docs. 26, 27.) Plaintiffs oppose the motion (Docs. 28, 29), and Omtron has replied (Doc. 30). At the court's direction, the parties provided additional briefing on the court's authority to require Plaintiffs to proceed as a class against their wishes. (See Docs. 31, 33.) In addition, Stephen S. Schmidly and J. Brooke Schmidly, counsel for plaintiffs in a related lawsuit against Omtron, seek leave to file an amicus brief opposing Omtron's motion. (Doc. 32.) The court accepts the amicus brief, and for the reasons set forth below denies Omtron's motion.

## I. BACKGROUND

According to the complaint, Plaintiffs are poultry farmers who, prior to January 2011, contracted to provide labor and services for poultry integrator Townsends, Inc. ("Townsends"). (Doc. 8 (complaint) ¶ 84.) In December 2010, Townsends filed for bankruptcy protection, and two months later Omtron purchased its assets, including its contractual obligations, and continued operations with Plaintiffs. (Id. ¶¶ 85, 86.)

In June 2011, Plaintiffs and Omtron entered into new three-year contracts, subject to each of the parties' right to terminate under specific conditions. (Id. ¶¶ 88-90.) However, on July 27, 2011, Omtron announced that it would close its processing plant and, about two weeks later, notified Plaintiffs the contracts would be terminated. (Id. ¶¶ 91-92.)

On October 3, 2011, Plaintiffs filed this action for breach of contract against Omtron in North Carolina state court. (Id. ¶¶ 95-101.) Omtron timely removed the case to this court and now moves to require Plaintiffs to proceed as a class. (Doc. 25.) Noting that this lawsuit and seven others pending in this court "arise out of alleged breaches of contracts between Omtron and growers," Omtron proposes a "Plaintiff-Farmers" class pursuant to Rule 23(b)(3) to include "[a]ll Farmers who entered into a written contract with Omtron to maintain, raise and grow chickens and chicks and who believe that Omtron breached that

2

written contract by closing its poultry processing operations or by allegedly terminating the written contract on August 9, 2011." (Id.; Doc. 26 at 2; Doc. 27 ¶ 3.)

The parties' initial briefing focused on the four pre-requisites to class certification set out in Rule 23(a) and on the requirements of Rule 23(b)(3). On June 4, 2012, the court ordered the parties "to brief whether, under Rules 23(a) and 23(b)(3), this court has the authority to certify a plaintiff class upon the motion of a defendant under the circumstances of this case." The parties have responded, and counsel for plaintiffs in Atkinson v. Omtron USA, LLC, Civil No. 1:11CV910 (M.D.N.C.), where similar contractual claims are brought, supports Plaintiffs' opposition to any forced class certification. The issue is now ripe for determination.

**II. ANALYSIS**

Omtron argues that this court should require Plaintiffs to proceed as a class because the case meets the requisites for class treatment. Conceding that Rule 23 does not expressly address its situation, Omtron points out that it is not aware of any authority that prohibits the court from requiring plaintiffs to proceed as a class, subject to their right to opt out. (Doc. 31 at 1-2.) Omtron notes that courts have enforced plaintiffs' motions for certification of a defendant class, citing (with one exception) cases certifying under Rule 23(b)(1) or (b)(2), and

3

concludes that this is evidence that the court has discretion to enforce a plaintiff class here. (Id. at 2-3.)  Certifying a plaintiff class in this case, Omtron contends, would not violate due process. (Id. at 4-7.)  In response, Plaintiffs and amici contend that neither Rule 23 nor any case has ever authorized a defendant to force a collection of plaintiffs to proceed as a class when they are unwilling to do so.

The court begins, as it does for any statutory interpretation, with Rule 23's "plain meaning."  Business Guides, Inc., v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 540 (1991) ("We give the Federal Rules of Civil Procedure their plain meaning." (citation omitted)).  The court's inquiry "is complete if [it] find[s] the text of the Rule to be clear and unambiguous." Id. at 540-41.  The court's task is "to apply the text, not to improve upon it."  Pavelic & LeFlore v. Marvel Entm't Grp., 493 U.S. 120, 123, 126 (1989) ("[G]enerally with [the Rules] as with a statute, '[w]hen we find the terms . . . unambiguous, judicial inquiry is complete.'" (citation omitted)).

Rule 23(a) provides that "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all members" provided certain prerequisites are met and the action falls under one or more of the three types of class actions permitted by the Rule.  The Rule thus contemplates two groups of

4

litigants proceeding as a class: those who "may sue," and those who "may . . . be sued."

As to the former group, the phrase "may sue" is modified by "[o]ne or more members of a class." The plain wording of the Rule, therefore, *authorizes* members of the class to sue. (See Doc. 31 at 1.) The Rule does not authorize others to force unwilling class members to sue. Here, no Plaintiff or member of a putative class has expressed any desire to sue as a class. Thus, Omtron's request does not fall within the plain terms of this portion of the Rule.[1]

The Rule's reference to the latter group, those who "may . . . be sued," contemplates cases where a plaintiff suing a group of defendants (or a defendant counterclaiming against a group of plaintiffs) seeks to have them named as a class. By its express terms, the Rule does not authorize a party *being sued* to seek to have its adversaries proceed as a class against it. Omtron nevertheless relies on this provision and cases applying it for the proposition that a "[r]equest for class certification by the non-class party is permitted in class action proceedings." (Doc. 31 at 2-3.) This is true to the

---

[1] This same expression of the Rule is found in Rule 23(c)(1)(A), which provides, with emphasis added, that "[a]t an early practicable time after *a person sues or is sued as a class representative*, the court must determine by order whether to certify the action as a class action." This language recognizes only two scenarios: (1) where "a person sues . . . as a class representative"; and (2) where "a person . . . is sued as a class representative."

extent provided by the Rule. The cases relied upon by Omtron (Doc. 31) involve parties advancing a claim who seek to have their opposition designated as a class and reflect merely straightforward applications of the Rule.[2] While in those circumstances a party *being sued* may be unwilling to proceed as a class, the Rule expressly authorizes the court to require them to do so. So, the cases upon which Omtron relies are inapposite.

Omtron rightly points out that this court has "great discretion" in determining whether to certify a class. (Doc. 31 at 5.) A court, however, cannot exercise discretion contrary to the plain language of a statute or rule. E.g., Spine Solutions, Inc. v. Medtronic Sofamor Danek USA, Inc., 620 F.3d 1305, 1320 (Fed. Cir. 2010) (holding court abused its discretion in imposing extraterritorial restraints contrary to the plain language of a statute).

Omtron further points to Rule 23(a)(4)'s requirement that there be a fair and adequate class representative to protect the interests of the class and notes that this provision has been

---

[2] Further, the cited cases were brought pursuant to Rule 23(b)(1) or Rule 23(b)(2) and not, as in this case, pursuant to Rule 23(b)(3). See Cayuga Indian Nation of N.Y. v. Pataki, 413 F.3d 266, 269 (2d Cir. 2005) (noting district court certified a defendant class under Rule 23(b)(1)(B)); Doe v. Miller, 216 F.R.D. 462 (S.D. Iowa 2003) (certifying defendant class under Rule 23(b)(1)(A)); Autry v. Mitchell, 420 F. Supp. 967, 969 (E.D.N.C. 1976) (certifying defendant class of district attorneys in constitutional challenge to state statute, apparently pursuant to Rule 23(b)(2)).

6

construed as not to require a willing representative "but merely an adequate one." (Doc. 31 at 3 (citing Monaco v. Stone, 187 F.R.D. 50 (E.D.N.Y. 1999)).) Omtron contends that this is evidence that Rule 23 permits an involuntary class to be appointed. That is true in a Rule 23(b)(2) class action, like Monaco. Unlike the situation in Monaco, however, certification of the proposed class here *would* require a willing party because Omtron moves for certification pursuant to Rule 23(b)(3). (Doc. 25 ¶ 3.) Upon certification, the court would be required to give notice that it "will exclude from the class any member who requests exclusion." Fed. R. Civ. P. 23(c)(2)(B)(v); see Parker v. Crown, Cork and Seal Co., Inc., 677 F.2d 391, 393 (4th Cir. 1982) (noting members of a Rule 23(b)(3) class "have a right to 'opt out' of the class"), aff'd, 462 U.S. 345 (1983). In the present case, *every* named Plaintiff has already noted its opposition to proceeding as a class. Certification would run counter to promotion of judicial economy and render the class action device ineffective as a result of numerous opt-outs by individual defendants. Cf. In re Integra Realty Res., Inc., 354 F.3d 1246, 1266 (10th Cir. 2004) (noting "a general preference for certifying defendant classes under Rule 23(b)(1) or (b)(2) rather than (b)(3) in order to promote judicial economy and prevent the class action device from becoming ineffective as a result of numerous opt-outs by individual defendants." (citing 2

7

Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 4:64 (4th ed. 2002))).

In the end, Omtron fails to cite a single case where a court certified, or recognized it could certify, a plaintiff class pursuant to a defendant's motion. The best Omtron can do is assert that it can find no case to the contrary. (Doc. 31 at 2.) Sometimes there is a very good reason there are no cases supporting an argument. The lack of a single case here, particularly in light of the plain language of Rule 23(a), provides a blinding glimpse of the obvious: Omtron's position is wholly unsupported. As a result, Omtron's motion will be denied.[3]

## III. CONCLUSION

The plain language of Rule 23(a) does not permit a defendant to seek certification of an unwilling plaintiff class in this case. Omtron's motion also seeks a result that would be ineffective and run counter to the goals of the class action device.

IT IS, THEREFORE, ORDERED THAT:

1. The motion of Stephen S. Schmidly and J. Brooke Schmidly for leave to file an amicus curiae brief (Doc. 32) is GRANTED;

---

[3] The court does not reach the parties' arguments regarding the four pre-requisites of Rule 23(a) or the application of Rule 23(b)(3) on the facts. The court thus offers no opinion whether this case could proceed as a class action had Plaintiffs sought class treatment.

2. Defendant Omtron's Motion for Class Certification (Doc. 25) is DENIED; and

3. Omtron's motion for an evidentiary hearing pursuant to Local Rule 23.1(b) (Doc. 25 at 2) and Plaintiffs' request for a hearing (Doc. 28 at 3) are DENIED.

                                                          /s/   Thomas D. Schroeder
                                                     United States District Judge

August 16, 2012